**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

KEVIN R. LAMB,
    Plaintiff,

v.

SCOTT CROFOOT,
in his personal capacity,

    and

TOWNSHIP OF JONESFIELD,
    Defendants
_____/

Case No.: 24-10158
Honorable _____

**COMPLAINT**
**JURY DEMANDED**

## COMPLAINT

NOW COMES Plaintiff KEVIN R. LAMB, by and through counsel, and complains as follows:

### PARTIES

1. Plaintiff KEVIN LAMB is a resident of the State of Michigan and the owners of real property located at 45 Crawford Drive, Merrill, Michigan.

2. Defendant SCOTT CROFOOT is the building and zoning inspector for the Township of Jonesfield and is sued in his personal capacity.

3. Defendant TOWNSHIP OF JONESFIELD is a public entity formed under the laws of the State of Michigan.

1

## JURISDICTION

4. This is a civil action brought seeking relief against Defendants for violations of the United States Constitution and Michigan law.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367, which authorizes supplemental state law claim(s).

6. Venue is proper in this Court as Defendants conduct or conducted their business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

7. Plaintiff Kevin R. Lamb decided to build a greenhouse on his home's side-yard to grow vegetables.

8. His home, located at 45 Crawford Drive, is just outside the territorial limits of the Village of Merrill, Michigan and is in Jonesfield Township, Michigan.

9. The area is graphically depicted as follows—

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com



10. Defendant Scott Crofoot, a long-time governmental inspector formerly for the City of Saginaw, now serves as the zoning and business inspector for the Township of Jonesfield and many other jurisdictions in western Saginaw County.

11. As an inspector of such length and experience, Defendant Crofoot should know and understand the obligations he has when conducting inspections and/or investigations and the limits to his authority under state law and the United States Constitution.

12. On or about October 24, 2023, Defendant Crofoot arrived at Plaintiff Lamb's property to conduct an inspection of a vegetable greenhouse

being erected by Plaintiff Lamb to determine whether such was a violation of the Jonesfield Township ordinances.

13. Defendant Crofoot asserted he had commenced this inspection as a result of a complaint from a person who has not yet been identified.

14. He later told a police officer (following the events about to be described) that the greenhouse being built was "in the right-of-way" without permits.

15. Upon pulling up the Crawford Drive property, Defendant Crofoot first made contact with Plaintiff Lamb's adult daughter's boyfriend near the end in the driveway.

16. Defendant Crofoot asked, without having first made any inspection or taking any measurements, that the building of the vegetable greenhouse be stopped.

17. By that point, Plaintiff Lamb's daughter appeared and offered to locate Plaintiff Lamb as the property owner to allow Defendant Crofoot with Plaintiff Lamb to have a conversation about the vegetable greenhouse.

18. Plaintiff Lamb appeared before Defendant Crofoot while still standing in the driveway and, after immediately sensing problems with the confrontational attitude of Defendant Crofoot, straightaway demanded that Defendant Crofoot totally remove himself from the private property and if

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

4

there was any legal concerns about the vegetable greenhouse that such be put into writing and sent to him.

19. By doing such, any implied consent to be on any part of the Crawford Drive property was fully revoked.

20. Repeatedly thereafter, Plaintiff Lamb directed, demanded, and told Defendant Crofoot to get off and/or remove himself from the Crawford Drive property.

21. However, Defendant Crofoot did not comply.

22. Instead, Defendant Crofoot then pulled out a business card and dropped it on the ground near Plaintiff Lamb.

23. The business card, a copy of which is attached as **Exhibit 1**, does *not* indicated that Defendant Crofoot is, in fact, the zoning or building inspector of or for Jonesfield Township.

24. Angered by being denied desired warrantless access to the Crawford Drive property, Defendant Crofoot immediately decided to issue, without pre-deprivation notice or the opportunity to be heard, a stop work order against the vegetable greenhouse.

25. Michigan law, MCL 125.1512(3), requires that before issuing any stop work order that the official provide "notice to appear… within 1 full

working day after notice is delivered" to "show cause why the construction should not be stopped."

26. In other words, there is no means to *immediately* issue a stop work order in such circumstances.

27. Defendant Crofoot knew or should have known the scope of his powers to issue a stop work order pursuant to MCL 125.1512(3) as a long-time experienced inspector.

28. Yet, Defendant Crofoot failed to provide any such notice or the opportunity to be heard before issuing an immediately-effective stop work order.

29. Such action violates Michigan law and constitutional due process.

30. Contrary to public myth, there is no legal requirement that a stop work order or the notice required by MCL 125.1512(3) has be physically posted, a point Defendant Crofoot later conceded to the responding police officer.

31. Upon making the decision to issue a stop work order without notice or the opportunity to be heard, Defendant Crofoot returned to his vehicle, turned it around, and drove onto and upon the private yard at Crawford Drive property, in part, and filled out the stop work order.

32. A copy of the issued Stop Work Order is attached as **Exhibit 2**.

33. Despite all possible consent being revoked for Defendant Crofoot to be on or at the Crawford Drive property, Defendant Crofoot intentionally and improperly re-entered the Crawford Drive property to attempt to place the Stop Work Order on the greenhouse.

34. Defendant Crofoot was ultimately unsuccessful in posting the unlawfully-issued Stop Work Order on the greenhouse and it was dropped on the ground.

35. Plaintiff Lamb daughter's boyfriend thereafter picked up the Stop Work Order and questioned why it could not have been simply mailed.

36. Defendant Crofoot then stormed back to his vehicle and left, and thereafter called the police.

37. The Richland Township Police (who serve as local police for Jonesfield Township) responded.

38. As part of the report, Defendant Crofoot reported that while he was on the Crawford Drive property that he was assaulted by Plaintiff Lamb by being chest-butted.

39. Defendant Crofoot also told the responding officer that if he had a police uniform, he would have "put" Defendant Lamb "down and cuffed him."

7

40. Plaintiff Lamb denies that such ever occurred against Defendant Lamb.

41. On October 28, 2023, Defendant Crofoot issued and mailed what he labelled as a "Notice of Violation and Order."

42. A copy of the "Notice of Violation and Order" is attached as Exhibit 3.

43. This is not an order of any court.

44. A zoning/building inspector has no authority to issue an "order" of any type.

45. However, Defendant Crofoot "ordered" Plaintiff Lamb "to correct the violations prior to the next reinspection date" that he asserted would occur on or about November 28, 2023, despite all consent for Defendant Crofoot to be on the Crawford Road property having been revoked (and a warrant being required).

46. Defendant Crofoot alleged that there were violations of Sections 302(1), 303(1) and 306(1) of the Jonesfield Township Zoning Ordinance.

47. Section 302(1) of the Jonesfield Township Zoning Ordinance provides that a building permit must be obtained prior to construction of any "structure" that is greater than 200 square feet in area.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

8

48. Section 303(1) of the Jonesfield Township Zoning Ordinance requires every "dwelling" must comply with all pertinent housing, fire, and construction codes in addition to the requirements of this Ordinance.

49. The disputed greenhouse is not a "dwelling" and thus Section 303(1) is not applicable.

50. Section 306(1) of the Jonesfield Township Zoning Ordinance has a series of set-back requirements.

51. Because the greenhouse was in the side-yard of the Crawford Drive property, it was properly being built more than 8 feet from a side-lot line as provided by the Jonesfield Township Zoning Ordinance.

52. Section 306(1) of the Jonesfield Township Zoning Ordinance does not speak to or create any requirements or otherwise prohibits placing a structure in what Defendant Crofoot called the "M-46 right-of-way."

53. Plaintiff Lamb denies the greenhouse was being built in alleged M-46 right-of-way.

54. But even if such greenhouse was within the "M-46 right-of-way," Defendant Crofoot does not have the authority or jurisdiction to enforce any alleged violation of a public highway easement as that responsibility belongs to another legal entity.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

55. Section 306(1) of the Jonesfield Township Zoning Ordinance was not violated.

56. Having threatened and bullied by Defendant Crofoot to the point of no return, Plaintiff Lamb later dismantled the greenhouse.

57. Despite all of this, criminal felony assault charges were sought and made against Plaintiff Lamb.

58. Plaintiff Lamb later suffered the indignity of being arrested and booked in the Saginaw County jail.

59. After bonding out but before the preliminary examination, the Saginaw County Prosecuting Attorney's office dismissed the charges.

## COUNT I
## PROCEDURAL DUE PROCESS VIOLATION
## 42 U.S.C. § 1983
## (AGAINST BOTH DEFENDANTS)

60. The prior allegations are reincorporated herein.

61. By the actions describe above, Plaintiff Lamb was not afforded adequate process under law, namely that notice and opportunity for hearing of an appropriate type is afforded *before* the deprivation of property via the sua sponte issued Stop Work Order.

62. Because there were no emergency or exigent circumstances on October 24, 2023 when the Stop Work Order was issued, Plaintiff Lamb was entitled to a *pre*-deprivation hearing before Defendants were ever entitled

10

issue any type of stop work order related to related to the greenhouse at the Crawford Drive property.

63. Defendants failed to provide required and/or sufficient due process as mandated by the Fourteenth Amendment in the form of a <u>pre-deprivation</u> hearing *before* suspending and/or terminating the right to use and benefit from the Crawford Drive property .

64. The aforementioned failure to provide pre-deprivation notice and/or pre-deprivation hearing is a policy, custom, and/or practice of Defendant Township of Jonesfield sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny for violations the Fourteenth Amendment's guarantee of minimum and/or sufficient due process.

65. These infirmities involve a policy, custom, and/or practice of Defendant Township of Jonesfield  that is appropriate to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

66. These infirmities involve a failure to train by Defendant Township of Jonesfield such that it is appropriate to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

67. The actions of Defendant Crofoot in issuing the Stop Work Order without prior notice and a pre-deprivation hearing violates the Fourteenth Amendment's guarantee of minimum and/or sufficient due process in favor of Plaintiff Lamb.

68. As for Defendant Crofoot sued in his personal capacity, he purposely, recklessly, and with wanton disregard for the Plaintiff Lamb's federal rights inflict harmed in violation of the Fourteenth Amendment.

69. Plaintiff Lamb has been damaged as a result of Defendants' violation of his rights under the United States Constitution.

## COUNT II
## FOURTH AMENDMENT VIOLATION
## 42 U.S.C. § 1983
## (AGAINST BOTH DEFENDANTS)

70. The prior allegations are reincorporated herein.

71. The present case involves a governmental actor engaging in direct, unauthorized, and non-consensual trespass on private property for purposes of alleged enforcement of local and state laws without the receipt of a warrant.

72. On October 24, 2023, Defendants warrantlessly entered the Crawford Drive property, with all consent to do so being previously and repeatedly revoked, in violation of the Fourth Amendment.

73. The aforementioned actions of a warrantless trespass is a policy, custom, and/or practice of Defendant Township of Jonesfield sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny for violations the Fourth Amendment's guarantee of only reasonable searches and seizures.

74. These infirmities involve a policy, custom, and/or practice of Defendant Township of Jonesfield that is appropriate to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

75. These infirmities involve a failure to train by Defendant Township of Jonesfield such that it is appropriate to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

76. The actions of Defendant Crofoot warrantless entry upon the Crawford Drive property, with all consent having been previously and repeatedly revoked, violates the Fourth Amendment.

77. As for Defendant Crofoot sued in his personal capacity, he purposely, recklessly, and with wanton disregard for the Plaintiff Lamb's federal rights inflict harmed in violation of the Fourth Amendment.

78. Plaintiff Lamb has been damaged as a result of Defendants' violation of his rights under the United States Constitution.

### COUNT III
### TRESPASS
### (AGAINST ALL DEFENDANTS)

79. The prior allegations are reincorporated herein.

80. Plaintiff Lamb is in lawful possession and control of the Crawford Drive property.

81. Defendants trespassed upon the Crawford Drive property on October 24, 2023 when all consent was previously and repeatedly revoked by Plaintiff Lamb.

82. In addition to Defendant Crofoot trespassing in violation of Michigan law, Defendant Township of Jonesfield is one who authorized, condoned, ratified, and/or benefit from another's trespass and is thusly liable as a joint trespasser. *Kratze v Indep Order of Oddfellows, Garden City Lodge No 11*, 190 Mich App 38, 43; 475 NW2d 405 (1991).

83. Due to governmental immunity, a damages award is not sought for the trespass upon the Crawford Drive property.

84. However, an injunctive order and declaratory relief is sought against both Defendants against trespassing upon the Crawford Drive property as has been asserted as an ongoing right to do so by Defendants.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## RELIEF REQUESTED

85.  WHEREFORE, Plaintiff respectfully requests this Court to—

   a.  Enter an order, pursuant to the Declaratory Judgment Act, declaring the conduct of Defendants as being both unconstitutional and contrary to the law of trespass;

   b.  Enter an order for injunctive relief to halt further trespass(es) by certain Defendants in violation of Michigan law;

   c.  Award damages (including compensatory, economic, non-economic and/or nominal) under 42 U.S.C. § 1983 against both Defendants in amount deemed legally appropriate;

   d.  Enter an order for an award of punitive damages against just Defendant Crofoot in his personal capacity;

   e.  Enter an order for an award of actual/reasonable attorney fees, litigation expenses, and court costs pursuant to 42 U.S.C. § 1988 and all other applicable laws, rules, or statutes; and

   f.  Enter an order for all such other relief the court deems equitable.

## JURY DEMAND

86.  For all triable issues, a jury is hereby demanded.

Date: January 19, 2024  RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com